# Exhibit A –
# Plaintiff's Complaint

FILED by Macomb County Circuit Court
6/22/2022

2022-002326-NO
SOLOMON, SHERRE

# STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF MACOMB

SHERRE SOLOMON, individually
and as Next Friend of ZARMINA
SOLOMON, a Minor;

              Plaintiff,

vs.

                                   Case No.  2022-002326-NO
                                   Hon.  James M. Biernat, Jr.

HOME DEPOT USA, INC., a Foreign
Profit Corporation, individually and d/b/a
HOME DEPOT #2702

HD DEVELOPMENT OF MARYLAND, INC.,
A Foreign Profit Corporation, individually
and d/b/a HOME DEPOT #2702

              Defendants.

_____/

LAW OFFICE OF KELMAN & FANTICH
BRIAN L. FANTICH P60935
CARRA J. STOLLER P64540
ADAM J. GANTZ P58558
Attorney for Plaintiff
30903 Northwestern #270
Farmington Hills, MI 48334
(248) 855-0100
FAX (248) 855-3557

_____/

        There is no other civil action between these parties arising out of the same transaction or occurrence as
alleged in this complaint pending in this court, nor has any such action been previously filed and
dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action,
not between these parties, arising out of the same transaction or occurrence as alleged in this complaint
that is either pending or was previously filed and dismissed, transferred, or otherwise disposed of after
having been assigned to a judge in this court.

## COMPLAINT

        NOW COMES the above-named Plaintiff, by and through their  attorneys, THE LAW

OFFICE KELMAN & FANTICH, and files this Complaint against the Defendant and states as

follows:

1. That Plaintiff is a resident of the City of Detroit, County of Wayne, State of Michigan.

2. That at all times hereinafter mentioned, prior and subsequent thereto, Defendant, HOME DEPOT USA, INC., a Foreign Profit Corporation, individually and d/b/a HOME DEPOT #2702 doing business at 25879 Hoover Rd, in the City of Warren, County of Macomb, State of Michigan with its resident agent, CSC Lawyers Incorporating Service Co., 2900 W. Rd., Ste. 500, East Lansing, MI 48823.

2. That at all times hereinafter mentioned, prior and subsequent thereto, Defendant, HD DEVELOPMENT OF MARYLAND, INC., A Foreign Profit Corporation, individually and d/b/a HOME DEPOT #2702 doing business at 25879 Hoover Rd, in the City of Warren, County of Macomb, State of Michigan with its resident agent, CSC Lawyers Incorporating Service Co., 2900 W. Rd., Ste. 500, East Lansing, MI 48823.

3. That the amount in controversy herein exceeds the sum of Twenty Five Thousand ($25,000.00) Dollars exclusive of costs, interest and attorney fees.

4. That on or about August 1, 2019, the Defendants, did business and was the owners and/or maintainers of real property located at 25879 Hoover Rd, in the City of Warren, County of Macomb, State of Michigan.

5. That on or about August 1, 2019, Defendants had exclusive possession and control over the area where the incident occurred.

6. That on or about August 1, 2019, Plaintiff-Minor was a business invitee at Defendant's establishment located at 25879 Hoover Rd, in the City of Warren, County of Macomb, State of Michigan; that on that date, Plaintiff-Minor was walking on Defendants' premises when, suddenly and without warning, she slipped and fell on a slippery, transparent liquid substance that had been allowed to accumulate on the floor for an unreasonable length of time, which blended with the color and contour of the floor and which caused Plaintiff to sustain

serious and disabling injuries, as more fully hereinafter set forth.

7.      That at all times relevant to the within, the Defendants owed a duty to the Plaintiff-Minor to properly maintain the premises and were in a position to best control and prevent the condition exposing the Plaintiff-Minor to the unreasonable risk of harm, and knew of the defective and unsafe condition on the floor.

8.      That the Defendant owed a duty to the Plaintiff-Minor to inspect the area to ensure that the premises would pose no risk of unreasonable harm to those lawfully on the premises.

9.      That notwithstanding said knowledge and in total disregard of said duties, the Defendants breached the same by the following omissions, including but not limited to:

a.      Allowing the transparent, wet, slippery condition to remain on the floor for an unreasonable period of time;

b.      Failing to mop, clean and/or inspect the area, thereby negligently and carelessly increasing said hazardous condition;

c.      Negligently and carelessly failing to keep the area in a condition fit for its intended and foreseeable use and allowing said camouflaged hazard to remain in the area where customers were known to traverse;

d.      Failing to warn business invitees and others of the dangerous and hazardous condition on their premises.

10.     That Defendants are liable for the negligent actions/inactions of its employees, representatives pursuant to the *doctrine of respondeat superior*.

11.     That Defendant's under a separate and distinct duty owed to Plaintiff-Minor, are responsible for the active negligence of its employees and are liable to Plaintiff-Minor for the injuries sustained to her.

12.     That Defendants under a separate and distinct duty owed to Plaintiffs Defendants negligently performed their respective obligations-duties to the detriment of Plaintiff-Minor

under the contract causing severe and disabling injuries giving rise to tort liability.

13.     That Defendants under a separate and distinct duty owed to Plaintiff-Minor Defendants through their respective active negligence created a new hazard altering the premises which posed an unreasonable risk of harm to the detriment of Plaintiff-Minor causing severe and disabling injuries.

14.   That as a direct and proximate result of the negligence and carelessness of Defendants, and all of them, the Plaintiff-Minor sustained damages including, but not necessarily limited to:

a.     Severe injuries to right leg resulting in nerve damage; altered gait, permanent limp, inability to ambulate, permanent scarring; diminished extension, flexion, and range of motion; injuries to her head, neck, back, and spine; severe injuries to her upper and lower extremities; decrease in gross and fine motor skills;  severe shock, as well as physical pain and suffering;

b.     The requirement of intense therapy for injuries which are permanent in nature;

c.     Severe humiliation and embarrassment, which is of an ongoing and permanent nature;

d.     Loss of full ability to perform the normal vocational and avocational activities of life, and which prevent Plaintiff from participating in recreational activities, which loss is permanent;

e.     Past, present and future hospital, medical, and pharmaceutical bills for treatment and medication;

f.     Severe, frequent and persistent pain which is of a continuing and permanent nature.

15.     That Defendants enjoyed joint possession and control over the are/premises where Plaintiff-Minor was injured.

16.     That Defendants under a separate and distinct duty owed to Plaintiff-Minor Defendant's negligently directed/escorted Plaintiff-Minor to a defective area on the premises causing Plaintiff-Minor to sustain serious and disabling injuries.

17. That Defendants under a separate and distinct duty failed to direct/escort Plaintiff-Minor to a safe hazard free area, thereby causing Plaintiff-Minor to sustain serious and disabling injuries.

18. The Defendants through a separate and distinct theory of liability are liable to Plaintiff-Minor under the doctrine of res ipsa loquitur which the defendants breached violated.

19. That Defendant's have breached their respective duties under the International Property Maintenance Code (2009 Edition) and Building Construction Ordinance Section 302.3, which is applicable under MCLA 554.139. Said statutory/code breach caused Plaintiff-Minor's severe injuries to her detriment.

20. That in the event that Plaintiff-Minor was suffering from any other medical and/or emotional condition, then in that event, Plaintiff-Minor claims that those conditions were precipitated, aggravated and/or accelerated by reason of the foregoing incident herein described.

WHEREFORE, Plaintiff-Minor prays for Judgment against the Defendant in whatever amount above Twenty Five Thousand Dollars ($25,000.00) that Plaintiff-Minor may be found to be entitled plus costs, interest and attorney fees so wrongfully sustained.

LAW OFFICE OF KELMAN & FANTICH

Dated: June 17, 2022

By:
BRIAN L. FANTICH P-60935
Attorney for Plaintiffs
30903 Northwestern Hwy., Ste. 270
Farmington Hills, MI 48334
(248) 855-0100